In May of 2009, a Superior Court jury found the defendant guilty of armed assault with intent to murder and use of a motor vehicle without authority. The defendant timely appealed, and on October 5, 2011, we affirmed the judgments in an unpublished memorandum and order. Commonwealth v. Simpson, 80 Mass. App. Ct. 1108 (2011). On March 17, 2016, the defendant, pro se, filed a motion to revise and revoke his sentence or in the alternative for release from unlawful restraint (motion for release from unlawful restraint), in which he also requested postconviction discovery.[2] An order entered on July 19, 2016, denying the motion without a hearing. The defendant then filed a motion to reconsider, which was also denied by the same judge.[3] The defendant appeals.[4]
In her memorandum of decision and order denying the defendant's motion for release from unlawful restraint and request for postconviction discovery, the motion judge determined that the defendant's motion did not challenge the legality of his sentence but instead raised evidentiary and procedural issues that occurred during his trial, which were more appropriate for consideration under a motion for new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). On appeal the defendant maintains that the motion judge erred in denying his request for postconviction discovery, in treating his motion for release from unlawful restraint as a motion for a new trial, and in denying that motion. Additionally, the defendant argues for the first time on appeal that the sentence imposed constituted "cruel and unusual punishment" and the prosecutor's closing included improper remarks.
We agree with the motion judge's thoughtful memorandum of decision and discern no abuse of discretion or error of law by the judge. We affirm the orders, for essentially the reasons stated in the Commonwealth's brief on pages twenty-one through forty-four.
Order entered July 19, 2016, and order denying motion for reconsideration affirmed.

The defendant sought an order that blood evidence in his case be turned over to him.

The motion to reconsider included for the first time claims of ineffective assistance of trial and appellate counsel.

We need not detail the procedural history regarding the appeal except to note that the defendant's appeal from the order entered July 19, 2016, is properly before us.